The opinion of the court was delivered by
Horton, C. J.:
The principal controversy in this case arises over the instructions given to the jury by the trial judge. It appears from the testimony that the plaintiff and the defendant claimed title from the same source — the latter *152 through intermediate conveyances. The title of each was derived as follows: On February 13, 1875, F. P. Trautwein and wife were the owners in fee simple of the lands in dispute. The defendant held a conveyance from J. W. Dowler and wife of the date of June 26, 1879;. consideration paid, $300. Dowler and wife held a conveyance from Wisher and wife of the date of March 30, 1877; consideration, $1,000. Wisher and wife purchased from Trautwein and wife on June 30, 1876, and paid as consideration $1,000. The plaintiff held a conveyance in the form of a quitclaim •from Trautwein and wife of the date of April 10, 1880; consideration paid, $50. At one time A. G. Barber had a tax deed upon the premises, but on February 13, 1875, said Barber and wife executed a deed therefor to Trautwein for $100, and on April 24, 1880, Barber and wife executed a quitclaim deed to plaintiff for $5. The conveyances to the plaintiff were obtained through the agency of her husband, H. L. Poplin, who attended to the plaintiff’s business for her in these transactions. The prior deed of Trautwein and wife to Wisher, of the date of June 30, 1876, was deposited with the register of deeds for Anderson county on March 3,1880; and on said day the register properly indorsed the filing of March 3 on the bach of the deed, and then put it with the deeds from Wisher to Dowler and Barber to Trautwein, in a pigeon-hole in his safe. But when such instrument was filed by him, he did not immediately mahe entry of the same in his receiving booh, nor was such deed actually recorded in full in the boohs of records of the office, nor entered upon the booh of general- indexes, or the booh of numerical indexes, until after the deed of April 10, 1880, from Trautwein and wife, had been transferred by the county cleric, filed with the register of deeds, and entered upon his receiving booh. The date of the transfer, filing and entry of the latter deed to plaintiff was April 13, 1880, while the deed from Trautwein and wife to Wisher, 'although filed March 3, 1880, was not entered on the receiving booh until May 5,1880, nor entered on the transfer record of the county *153 clerk until sometime from May 5th to May 7th, 1880. Again, the subsequent deed of Trautwein and wife to plaintiff was recorded in book 24 of deeds, at page 271, while the prior deed of Trautwein and wife to Wisker, although filed earlier, was recorded afterward in the same book, on page 327. The prior deed, therefore, was not put on record in the order in which it was received; and was not actually recorded until about the 7th of May, 1880, and whether recorded just before the transfer by the clerk, or just after, it is difficult to tell. Upon these facts, counsel for plaintiff asked various instructions, to the effect substantially that a deed of conveyance of real estate cannot be properly deposited for record with .the register of deeds until it has been transferred by the county clerk and his certificate thereof attached to the conveyance, and that therefore the deed from Trautwein and wife to Wisker, of June 30, 1876, was no.t properly deposited with the register of deeds for record, because it had not been prior to such deposit transferred by the county clerk; further, that there was no such compliance with the law relating to registration of deeds as to impart notice to anyone of the contents of the. conveyance from Trautwein and wife to Wisker, because, when such conveyance was filed by the register of deeds he did not immediately make an entry of the same in his receiving book. In brief, counsel contend that if there is no entry of the transfer of a conveyance of real estate in the book of records kept by the county clerk therefor, and no transfer of the conveyance actually made by the county clerk, and no immediate entry of the reception of the conveyance on the receiving book kept by the register when the instrument is filed, the deed is not properly deposited for record, and is of no validity except between the parties thereto, and such as have actual notice thereof, although such conveyance be left for record in the usual way and be accepted and filed by the-register at the time it is so deposited. All of the instructions embracing these and similar views were refused. Instead thereof, the court charged the jury if they found from the evidence that the deeds from Trautwein and wife to Wis *154 ker, and from Wisker and wife to Dowler, were each deposited with the register of deeds of Anderson county for record on the 3d day of March, 1880, such deeds being duly acknowledged as they purported to be, then plaintiff was chargeable with notice of such conveyances from the time of the deposit of such deeds with the register. And again, the court directed the jury, if they found from the evidence that said deeds were left with the register of deeds for record; that the register of deeds was then the deputy county clerk; that defendant expected said deeds when he so left them for record would be duly and regularly recorded, and that they would have been so recorded had not the officers neglected their duty, then such deeds imparted notice of their contents from the time of such delivery for record, and any purchaser of the said premises after said deeds were so delivered would be presumed to have knowledge of the contents thereof.
1. ofW77,’object of' We think the instructions of the court sufficiently declared the law in the case, and that no error existed in refusing the instructions asked for, or in the direction given. It appears from the evidence that R. L. Row, the register, was also the acting deputy county clerk, and when the deed of Trautwein and wife to Wisker was deposited with him, we can see no good reason why as such deputy county clerk he did not enter on the transfer record of the county the transfer of the lands mentioned in the conveyance, and attach the certificate of the county clerk to the conveyance. But waiving this suggestion, as the register testified that although acting as deputy county clerk he had never transferred any instruments on the transfer record, we may remark, the act in relation to the transfer, of real estate embodied in ch. 145, Laws of 1877, has for its object only the facilitating of the assessment and taxation of real estate. Neither the book of record of the county clerk, nor the certificate of the transfer attached to the conveyance, has anything to do with imparting notice to parties of the contents thereof. Such transfer and such certificate are required by the statute for a wholly different purpose. It is true that § 3 *155 of said chapter prescribes that in “no case shall the register of deeds record any instrument conveying' real estate, unless such instrument shall have been transferred as required by, law.” Yet, we construe this provision, as all the other pro- . visions of the chapter, as having reference to the purpose of assessment and taxation — not as having any regard to the question of imparting notice to subsequent purchasers of the real estate described in conveyances. In this case, however, the instrument was transferred as required by law about the time the deed was actually recorded in the book of records in the office of the register of deeds. And while it may be that such deed was actually recorded a day or two before such transfer, yet the transfer and the recording having been at so near a date together, the object of the provisions of ch. 145 was substantially complied with. The finding of the jury is, that the deed from Trautwein and wife to Wisker was entered on the transfer record by the county clerk, and his certificate attached to the deed sometime from May 5th to May 7th, 1880. The register upon this point testified:
“ I am .not- positive whether this deed was turned over to the county clerk .by me on the 5th or 6th of May, and I am not positive whether they were recorded before transfer; they may have been. I remember that Mr. Poplin was in the office May 6 th or 7th, when I was recording the deeds, and' asked to see them.”
Therefore, the delay in the transferring of the deed from Trautwein and wife to Wisker we do not think figures in the ease to -the prejudice or detriment of any party. Secs. 19, 20 and 21 of ch. 22, Comp. Laws of 1879, p. 212, are as follows:
“Sec. 19. Every instrument in writing that conveys any real estate, or whereby any real estate may be affected, proved or acknowledged, and certified in the manner hereinbefore prescribed, may be recorded in the office of the register of deeds of .the county in which such real estate is situated.
“Sec. 20. Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the register of deeds for record, impart notice to all persons of the contents thereof; and *156 all subsequent purchasers and mortgagees shall be deemed to purchase with notice.
“Sec. 21. No such instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record.”
2. Eecordof fofiiinge!ates notice. Clearly, under the reading of these sections, where a deed duly acknowledged and certified is left for record in the usual way, with the register of deeds, and is properly marked filed by him for record at the time of receiving such deed, it imparts notice to all persons of the contents thereof, and all subsequent purchasers must be deemed to purchase with notice; and when recorded, the record has relation back to the time the deed is so left and filed for record. But counsel insist that these sections are only a detached portion of the acts relating to registration, and that as §§ 91 and 92, ch. 25, Comp. Laws of 1879, p.292, require every register to keep a receiving book and general index book, for the purpose of making an entry of every instrument when filed in the receiving book, and of making correct entries in the general index book so soon as the instrument is recorded, that any delay of any of these steps deprives the, record thereof of the power of imparting constructive ' notice of the existence of the deed and its contents, although the party depositing such instrument for record is in no fault. Now in this case the actual recording of the deed from Trautwein and wife to Wisker, and the entry thereof upon the general index or the numerical index records, need not be considered, because it cannot be expected that a register of deeds in the discharge of his duties shall write out each instrument in the record books on the date of its filing, and of course he is not to enter the same upon the general index or numerical index until the instrument is actually recorded in the books of the office. At least, it is not necessary for him to perform this duty until the instrument is recorded. Therefore the only material question as affecting the matter of imparting constructive notice to the plaintiff as a subsequent purchaser of the premises described in the prior deed of *157 Trautwein and wife to Wisker, is the temporary omission, or rather the delay of the register in making the entry in his receiving book of the reception of such instrument. As it was received and filed March 3, 1880, the register should have made an entry of the same in his receiving book under the appropriate heads upon the same date. He neglected, however, to make such entry until May 5,1880, and until a time subsequent to the execution of the deed from Trautwein and wife to plaintiff. Did this temporary omission or delay deprive the record of the power of imparting constructive notice of the existence of the deed and its contents? There is a wide diversity in the authorities respecting the question whether the grantee in an instrument or a subsequent purchaser shall suffer for the mistakes or omissions of the officer in registering a conveyance of real estate, or neglecting to register it. On the one side it is held that the obligation rests on the party holding the conveyance to give the notice required by the statute. It is said that he controls the conveyance, and can put it on record or not, at his pleasure; that if from any cause he falls short of giving legal notice, the consequences must fall on himself; that it is his own business, and that he must suffer the consequences of its being imperfectly performed; that it is the duty of- the party filing the instrument, as between him and subsequent bona fide purchaser, to see that all of the prerequisites-of a valid and complete registration are complied with. (Miller v. Bradford, 12 Iowa, 14; Barney v. McCarty, 15 Iowa, 570; Jennings v. Wood, 20 Ohio, 261; McLaren v. Thompson, 40 Me. 284.)
On the other hand, it is held by many authorities, that when a deed is left for record in the usual way, and not recorded until some time after it is so left, yet when recorded the record has relation back to the time the deed is so left and filed for record; and further, that the party filing the conveyance for record is not bound to see that the officer performs his duty by actually recording it; nor is he responsible to other parties for the officer’s neglect of his duty, or failure *158 to comply with the requirements of the statute with respect to registration.' By these authorities, it is considered that where the party has duly deposited his deed with the proper officer for record, he has performed his whole duty, and consequently the subsequent mistake or neglect of the officer of registration will not affect him or invalidate his title. (Throckmorton v. Price, 28 Tex. 605; Beverly v. Ellis, 1 Rand. 102; Dubose v. Young, 10 Ala. 368; Bank v. Haggin, 1 A. K. Marsh. 225; Nichols v. Reynolds, 1 R. I. 30; Jarvis v. Aikens, 25 Vt. 635; Judd v. Woodruff, 2 Root, 298; Cook v. Hall, 1 Gilm. 575; Curtis v. Lyman, 24 Vt. 334.)
3. recorfedfregisteisaeiay. *159 4. imparting *158 If the question of a total omission on the part of the register of deeds was before us, we would be inclined to hold that the law does not impose upon the party holding the title the responsibility of seeing that the duties prescribed by the statute upon the register for the protection and security of of other parties are in fact faithfully discharged by such officer. It seems to us that when the party holding the title presents his deed, duly acknowledged and certified, to the register of deeds for record, and demands that it be placed upon record, and.the register thereupon accepts the same, and duly indorses it filed of the date it is so presented, such party has discharged his whole duty to the public, and his muniment of title cannot be shaken by any subsequent purchaser. If any subsequent purchaser be iniured by the neglect or delay of the register as to his duties in the registrati0n of such conveyance, such injured party has his action against that officer. In this case, if the plaintiff has been injured by the neglect or delay of the register, she ought to recover in a suit against such officer any damages that she may have suffered through the fault or neglect of the officer. The authorities, however, holding that the party filing an instrument must see that all of the prerequisites of a valid and complete registration are complied with, generally refer to cases where there has been a total omission of duty on the part of the registration officer. In this case there was only a *159 delay on the part of the register in making the entry on his receiving book of the reception of the prior conveyance. Such fault was attempted to be cured by the entry of May 5, 1880. The conveyance itself was properly recorded at length, and although, taking the evidence of plaintiff alone, it may be said that she was misled by the temporary omission on the receiving book, we cannot bring our minds to the conclusion that the delay in making the entry deprived the record of the power of imparting constructive notice of its existence and contents to her. If she has been injured by the delay of the register, she ought not to be permitted to claim redress against the party holding the prior title, who duly deposited his deed with the officer for record, and is in no fault. Ch. 22, Comp. Laws 1879, points out the steps to be taken by the party holding the title, so that all persons may have notice of such conveyance. If the holder of the title comply with its provisions, he performs fully his duty. Art. 7, ch. 25, Comp. Laws of 1879,-points out the duties of the register of deeds. If such officer fails to comply with its provisions, the subsequent purchaser injured by his negligence ought to look to him, and not to the grantee, who has complied with the statute.
We have thus far discussed the questions presented to us upon the theory that the deed of Tra.utwein and wife to Wisk'er was so deposited and filed under the requirements of the law as to impart constructive notice of its existence and contents to the plaintiff. But under the findings of the jury, even if this deed had never been deposited, filed or recorded, its existence was sufficiently known to the plaintiff when she purchased as to give such prior deed the precedence, and she cannot therefore claim the rights of a bona fide purchaser. Counsel for plaintiff contend, however, that this finding of the jury is irrelevant, because the jury did not find that the plaintiff had actual notice of snch instrument; and counsel further urge, that the trial court committed material error in refusing to present the question as to whether the plaintiff had actual notice that Trautwein and wife had previously *160 executed a deed for the land in suit at the time they made the deed to plaintiff. This question as submitted was objectionable, because it apparently related back to April 10,1880, when Trautwein and wife signed and acknowledged the deed. As the deed was transmitted by express, marked “C. O. D.— $50,” it was not in fact delivered — that is, executed — until the payment of the money on the delivery thereof on April 13, 1880. Therefore the question of actual notice ought to have been directed to that date. Perhaps it would have been better for the trial judge, in the second inquiry of the jury, to have directed the jury to answer whether the plaintiff had actual notice, instead of adopting the word “knowledge.” We suppose actual notice to H. L. Poplin, the agent, would be actual notice to the plaintiff. But the question as propounded and answered does not seem to have misled the jury, because they answered that the plaintiff had knowledge of the deed from Trautwein to Wisker at the time that Trautwein and wife made the deed to her, although they did not find that plaintiff had knowledge of the other deed deposited and recorded, and of which, under the law, she was bound to have constructive notice. We may therefore infer from all the findings, that the jury construed the word “knowledge” as synonymous with actual notice. Upon' the question of actual notice, F. P. Trautwein testified as follows:
“That about the 24th of March, 1880, he received by mail a letter from H. L. Poplin, of the date of March 2Q, 1880, offering' $25 for a quitclaim deed of the premises; that a short time afterward he replied by letter addressed and mailed to H. L. Poplin, Garnett, Kansas, in which he stated in effect, as near as he could recollect, that for the small sum of $25 he would not do anythiug, and if he could not double that amount he would do nothing.”
He also testified that it was his impression that he stated in this letter to Mr. Poplin that he had previously conveyed this land to M. B. V. Wisker, and was positive in his own mind that he had so stated until about the 15th of February, 1881, when he received another letter from Mr. Poplin; that he might not have made the statement in the letter of that date, *161 but he-was under the impression that he did tell him in the letter that he had conveyed the land to Wisher by warranty deed. This evidence was contradicted by H. L. Poplin. An attempt was made, and we think successfully by preponderance of testimony, to establish the fact that Trautwein did not make any statement concerning the conveyance to Wisker until after the execution of the deed to plaintiff, and until after April 19, 1880. Nevertheless, the jury had all this ■evidence before them, together with other matters and circumstances relating to the specific purchase by plaintiff of the premises; and being the triers of the facts, the finding is conclusive, as they had sufficient testimony before them to sustain such finding.
There are some other questions presented, but none of these, in view of the conclusions which we have reached, are of sufficient importance to demand comment; and upon the whole record we are of the opinion that the judgment of the ■court below must be affirmed.
All the Justices concurring.