## JOHN ZEAR v. THE BOSTON SAFE-DEPOSIT AND TRUST COMPANY.

### No. 93.

1. SALE OF REALTY—*Recitals in Deeds Govern.*  A purchaser of real estate must take notice of the recitals contained in the deeds which make up his chain of title, and is bound thereby.

2. ———— *Notice of Mortgage—Mistake of Register.*  When a mortgagee deposits his mortgage, duly signed and acknowledged, with the register of deeds of the proper county, and the same is filed for record, a subsequent purchaser is presumed to have notice of the contents thereof, notwithstanding, by the mistake of the register, the amount of the mortgage is incorrectly stated upon the record.

MEMORANDUM.—Error from Ellsworth district court ; W. G. EASTLAND, judge.   Action of foreclosure by The Boston Safe-Deposit and Trust Company against John Zear and others.   Judgment for plaintiff.   Defendant John Zear brings the case to this court.   Affirmed.   The opinion herein, filed February 14, 1896, states the material facts.

*A. M. Lasley*, for plaintiff in error.

*Wheeler & Switzer*, for defendant in error.

The opinion of the court was delivered by

GARVER, J. : The mortgage in controversy in this action was executed by Frank E. Barr and wife October 5, 1885, on a tract of land in Ellsworth county, to secure the payment of the sum of $1,000. It was forthwith deposited with the register of deeds of that county for record, and recorded ; but, by the mistake of the recording officer, it was entered of record as a mortgage of $100, instead of $1,000. Subsequently Barr sold and conveyed the land to Offa Hill, the latter being at the time informed of the previous mortgage, and his deed reciting that the conveyance was made subject to a mortgage for $1,000, The deed from Barr to Hill was duly and correctly recorded. Thereafter Hill conveyed the land by a deed of general warranty to the plaintiff in error, John Zear, the deed specifically referring to the mortgage in question as a mortgage for only $100. In the suit to foreclose the mortgage, Zear claimed to be an innocent purchaser, and contended that, as against him, the mortgage could be enforced as a lien for only $100. The court rendered judgment for the full amount of the mortgage, and this ruling is now assigned for error.

The decision of the lower court was proper, and the judgment must be affirmed. The rule is well settled that a purchaser of real estate is charged with notice of the recitals contained in the deeds which make up his chain of title. ( 2 Devl. Deeds, §§ 1000, *et seq.*) Under this rule, the deed which was the evidence of the title of Hill, the immediate grantor of the plaintiff in error, was sufficient notice to him of the fact that there was a mortgage on the land for $1,000 ; it put him on inquiry, and if followed up with reasonable diligence he would have been informed of the

mistake in the record and of the actual condition of the title. Having this notice from the deed, as well as from the record of it in the office of the register of deeds, he was not an innocent purchaser, and took the land subject to the mortgage.

The authorities are in irreconcilable conflict as to the legal effect of such a mistake as was made in this case in the record of the mortgage. In some states the doctrine prevails that the grantee named in the instrument which is incorrectly recorded should be held responsible for and must suffer the consequences of the mistakes of the officer; that a record is constructive notice only to the extent that it is a true copy. In other states the courts hold that when the grantee has deposited his deed with the recording officer he has done all that is required of him, and that constructive notice, under the recording acts, of the actual contents of the instrument filed for record is thereafter conclusively presumed, without regard to the errors of the officer whose duty it is to make a true record. The latter view has been adopted by the supreme court of this state, and this is no longer an open question with us. (*Poplin v. Mundell*, 27 Kan. 138, 158; *Lee v. Bermingham*, 30 id. 312.) In the first of these cases, HORTON, C. J., said:

"It seems to us that when the party holding the title presents his deed, duly acknowledged and certified, to the register of deeds for record, and demands that it be placed upon record, and the register thereupon accepts the same, and duly indorses it filed of the date it is so presented, such party has discharged his whole duty to the public, and his muniment of title cannot be shaken by any subsequent purchaser. If any subsequent purchaser be injured by the neglect or delay of the register as to his duties in the registration of such conveyance, such injured party has his action against that officer."

Upon the authority of these decisions, we hold that the mortgagee in this case has done all that was required of it when it had deposited its mortgage with the register of deeds for record, and that thereafter, the mortgagee not being guilty of any laches with reference to the mistake in recording, any subsequent purchaser was bound in the same manner and to the same extent as if a correct record had been made.

The judgment will be affirmed.

All the Judges concurring.