## E. S. BLISS v. J. W. BROWN et al.

No. 15,617.   (96 Pac. 945.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Transcript—Incorporation in the Record—Procedure.* Under the provision of chapter 320 of the Laws of 1905, a party who desires to cause the evidence taken in an action to be made a part of the record may do so in the following manner: (1) By obtaining a certified transcript of the evidence from the official stenographer and filing it with the clerk of the district court where the trial occurred. (2) By giving notice in writing of such filing to the adverse parties or their attorneys of record, as provided in section 3 of such chapter. (3) The adverse parties, if they find the transcript incorrect, may, within fifteen days after it has been filed, suggest amendments thereto, and present the same, after five days' notice to the adverse party, to the judge who tried the case for settlement, after which it will become a part of the

record. (4) If no objections be made to the transcript within fifteen days after it has been filed with the clerk, it will become a part of the record without further action. (5) After the evidence has been made a part of the record in this manner it must be included in every transcript of the record of such action. (6) If the party preparing such transcript so desires he may, without waiting for the expiration of the fifteen days, upon notice to the adverse parties or their attorneys of record, present the transcript for settlement to the judge who tried the case, and, if the adverse parties consent thereto, such settlement will be deemed the same in effect as if done at their suggestion. (7) The certificate of the stenographer is sufficient to authenticate the transcript of the evidence in the first instance; if it is subsequently settled by the judge, his certificate is sufficient to authenticate it as a full, true and complete transcript; and a transcript of the record which includes the settled transcript of the evidence, certified by the clerk in the form prescribed by the rules of this court, will be deemed sufficient to confer jurisdiction upon this court.

2. CONVEYANCES—*Expectancy—Judgment Lien.* Where a debtor against whom there existed a valid judgment lien expected to inherit certain real estate from his mother (who was seriously ill and soon thereafter died), and conveyed by warranty deed, while his mother was living, the lands which he expected to inherit from her, the grantee in the conveyance took the property subject to the judgment lien.

Error from Cowley district court; CARROLL L. SWARTS, judge. Opinion filed July 3, 1908. Reversed.

*J. E. Torrance,* for plaintiff in error.

*W. P. Hackney,* and *J. T. Lafferty,* for defendants in error.

The opinion of the court was delivered by

GRAVES, J.: On April 28, 1904, E. S. Bliss commenced this suit in the district court of Cowley county to set aside a conveyance of real estate as having been made to hinder, delay and defraud creditors, and to subject the premises to the payment of a judgment lien held by the plaintiff against the grantor, J. W. Brown. The grantee in the conveyance, Julia Reinhardt, re-

Bliss v. Brown.

covered judgment for costs, and plaintiff brings the case here by proceedings in error.

Defendants in error have presented a motion to dismiss the petition in error, which will be considered as a preliminary question. The facts involved in this motion, briefly stated, are as follow: The judgment was rendered June 26, 1906. The motion for a new trial was filed the next day. On July 5, 1906, the hearing of the motion was postponed to July 7, 1906. These proceedings were had during the June, 1906, term of court. Nothing further was done concerning the motion until December 27, 1906, which was during the November, 1906, term of court, at which time the motion was argued, submitted, and taken under advisement by the court until February 12, 1907, when it was denied, and ninety days from that date was given to the plaintiff to make and serve a case-made. No further extension of time was thereafter granted. Afterward the plaintiff apparently abandoned the idea of having the case reviewed on the case-made, and proceeded to make the evidence taken in the case a part of the record, so as to obtain a review upon a transcript. Accordingly, on June 18, 1907, long after the time given to make a case-made had expired, he obtained a certified copy of the evidence from the stenographer, and on June 19, 1907, caused the same to be filed in the office of the clerk of the district court. The certificate of the stenographer to this transcript reads:

"I, J. A. McDermott, official stenographer and reporter of the nineteenth judicial district of the state of Kansas, and for the district court of Cowley county in said district, do hereby certify that the above and foregoing is a full, true and correct transcript of all of the evidence introduced or offered by either party on the trial of the above-entitled action in said court, and of all objections, motions, applications and offers made by either party thereto; the rulings of the court thereon and the exceptions saved by either party; and I do further certify that such transcript contains all of the evidence of each witness who was sworn and testified

on said trial, and contains all proceedings had on said trial.

"Witness my hand at Winfield, Cowley county, Kansas, this 18th day of June, 1907.

J. A. McDERMOTT,
*Official Stenographer and Reporter,*
*Nineteenth Judicial District of Kansas."*

On June 19, 1907, written notice that such transcript had been filed, and that the plaintiff intended to appeal the case to the supreme court, was filed with the clerk, and service thereof was personally made upon defendants' attorneys of record. Notice of the plaintiff's intention to submit the transcript of the evidence to the judge for settlement was waived by the defendant's attorneys of record, July 9, 1907, which waiver reads:

"We, the undersigned attorneys for the defendants in the above-entitled action, hereby waive notice of the presentation of the court stenographer's record for approval, and state that we have no amendments to suggest to said record and consent that the same be settled and approved by the court at any time, within ten days from this date, without notice to us.

"Dated this 9th day of July, 1907.

"Filed July 15, 1907, Robert R. Hamilton, Clerk District Court."

On July 16, 1907, the transcript was presented to the judge, who attached his certificate thereto, which reads:

"Now, on this 16th day of July, 1907, comes the plaintiff, by Torrance & Bloss, his attorneys, and presents to me at my chambers at Winfield, Cowley county, Kansas, the transcript of evidence, rulings and exceptions of the court at the trial of this case to approve, confirm and allow the same, as the true and correct transcript, and it appearing that Hackney & Lafferty, attorneys for the defendants, have waived formal notice and consent that the court may pass upon the record at this time, and that the defendants have had due notice, I therefore find that said transcript is a true and correct transcript of all of the evidence, rulings and exceptions had at the trial of this case, duly certified by

the court stenographer, and the same is here now, by the court, approved, confirmed, and allowed.

C. L. SWARTS,
*Judge of the District Court of Cowley County, Kansas."*

Upon these facts defendants insist that the motion to dismiss should be allowed upon four grounds: (1) No notice of the filing of the transcript of the evidence was given as required by law. (2) The district court lost jurisdiction to entertain or decide the motion for a new trial, and, therefore, the case can not be reviewed in any form for errors which might have been corrected upon such motion. (3) The record of the evidence does not appear to be complete. (4) Neither the certificate of the clerk nor that of the judge shows the transcript to be full, true, correct and complete, and the judge is without authority to certify to a transcript of the record.

The decision of this motion requires an examination of section 1 of chapter 320 of the Laws of 1905. The object of this section was to provide steps whereby matters not theretofore regarded as a part of the record could be made so, and to enable parties to have cases reviewed upon a transcript of such record instead of by a case-made. Under the provisions of this section a transcript of the evidence, when properly served and filed with the clerk of the district court, becomes a part of the record of the case in which it is filed without further action, unless objections are made and amendments suggested thereto. To prevent partial or incorrect transcripts from becoming a part of the record under this proceeding it is provided that notice of the filing shall be given, "as is or shall be provided by law for the notice of filing of a case-made with the clerk when service of a case is so made." This is the notice the sufficiency of which is challenged by the motion.

It is contended that when a party wishes to place the evidence taken at the trial of a case upon the rec-

ord application for leave to do so must be made to the court at the time judgment is entered, and time taken therefor, as is done when a case-made is to be made and served, and that such time may be thereafter extended, as is provided in such cases. No such order or extension having been granted in this case, it is claimed that the notice given was without authority and void.

We do not concur in this interpretation of the statute. The proceeding to bring evidence upon the record, and that to prepare and settle a case-made, are separate and independent from each other. The preparation and settlement of a case-made is regarded as a part of the trial, and, except for the statute, could not be made after the close of the term of court at which the trial occurred. Provision is therefore made for a continuance of the term, so far as that case is concerned, for the purpose of preserving the power of the judge to make this final order in the case. On the other hand, it is a matter of choice with the parties whether they bring the evidence upon the record or not. It is a matter about which the judge need not be consulted. When these steps are taken by the party is unimportant, except that it will be unavailing unless done before the right to have the case reviewed expires by lapse of time. There may be good reasons why the same procedure should be had in both instances, but the statute has not so provided. It will be observed that the language of the section concerning the giving of notice describes it as being such notice "as is or shall be provided by law for the notice of filing of a case-made with the clerk when service of a case is so made." What this service is may be ascertained by reference to section 3 of such chapter, which provides that when a case-made is served by filing it with the clerk written notice thereof shall be given immediately by service of a copy of such notice upon the adverse parties or their attorneys of record, personally or by mail. In this case the notice that a transcript of the

evidence had been filed in the office of the clerk of the district court and that plaintiff intended to appeal the case to the supreme court was served personally upon the attorneys of record for the defendants on the 19th day of June, 1907, being the same day that the transcript was filed with the clerk.   This notice was a sufficient compliance with the requirements of this statute.   It notified the defendants of what had been done, and the purpose thereof.   They were thereby warned to take the necessary steps to protect themselves.   This statute also provides that the transcript so filed may be amended by the judge in the same manner as is provided for amendments to the case-made. The manner of doing this is described in section 4 of this statute, which makes it the duty of the adverse party, within fifteen days after the filing of the case-made, to suggest amendments thereto.   The plaintiff in this case, apparently for the purpose of saving this time, gave notice to the defendants that he would present the transcript to the judge and have its accuracy determined.   This having been done with the consent of all parties, the action of the judge must be regarded as of the same effect as if amendments had been suggested by the defendants and acted upon by the judge.

As to the second ground of the motion, we do not think that the court lost jurisdiction of the motion for a new trial because it was not considered and determined on July 7, 1906, to which time it had been postponed.   It, like other unfinished business, remained for consideration, and, by operation of law, would be postponed from term to term until determined.

As to the third ground of the motion, we think by the terms of the statute the transcript is fully authenticated by the certificate of the stenographer, and without other authentication it becomes a part of the record unless its sufficiency is challenged by the adverse parties.   The statute, in substance, provides that when the transcript is so certified and filed it "shall become a

part of the record in said cause and any transcript of such record shall include a copy of such evidence." (§ 1.) This clearly indicates that a transcript of the evidence, certified by a stenographer, becomes a part of the record unless thereafter questioned by the adverse party. This seems to be the clear meaning of the statute, and it also seems to be a reasonable provision. If both parties are satisfied that the transcript furnished by the stenographer is correct, no further authentication would seem to be necessary. If not, the notice given to the adverse party furnishes him with an opportunity to examine the transcript and correct any error therein before it becomes a part of the permanent record.

As to the fourth ground, the certificate of the clerk, being in the language prescribed by the rules of this court, will be deemed sufficient. The purpose of the certificate of the judge being merely to settle disputes concerning the sufficiency of the transcript, it does not stand in the same category as an ordinary certificate to a transcript.

On the whole we think that the record challenged by the motion is a sufficient transcript to confer jurisdiction upon this court to review the errors complained of in the petition in error. As it does not purport to be a case-made its sufficiency in that respect need not be considered. The motion to dismiss is denied.

The facts involved in the merits of the case are substantially as follow: J. W. Brown expected to inherit the land in controversy from his mother, who was seventy-three years of age, in feeble health, and liable to die at any time. On March 10, 1904, J. W. Brown and wife conveyed the land to Julia Reinhardt. At the time of this conveyance the plaintiff was the owner of a judgment against Brown for the sum of about $400. The mother of J. W. Brown died April 15, 1904. The conveyance from Brown to Reinhardt was a warranty deed. The question is, Did she take the land free from

the judgment lien? The district court, upon a trial without a jury, found generally in favor of Reinhardt. The petition states fully all the facts relating to the transaction, and contains a general allegation that the conveyance was made without consideration and as the result of a conspiracy to defraud the plaintiff. In view of the court's judgment and the evidence in the abstract that part of the petition must be regarded as not sustained. The plaintiff contends, however, that aside from this averment the circumstances of the conveyance show that, in law, it was subject to the judgment lien.

The defendants insist, first, that there was no lien of which Mrs. Reinhardt had notice, either actual or constructive; second, that if Brown owned any interest in the land after the conveyance it was merely a naked legal title, to which a lien could not attach; third, that the allegation of fraud being the principal point in the case, failure in that means failure in the whole case.

Assuming that the conveyance was made for value, and in good faith on the part of both parties, it could not affect the title to the land. The grantor did not hold the slightest present interest in it. The whole title, legal and equitable, belonged to his mother. This deed was a nullity so far as her title to the land is concerned. When she died her title necessarily went somewhere, as the title to real estate can never be without an owner. The owner, at the time of her death, had made no disposition thereof which became effective, and therefore its subsequent ownership could only be determined by operation of law. Mrs. Reinhardt, as against the deceased owner, held no right to the land whatever. She was a stranger. Under the law of descents and distributions the land descended immediately to the son, J. W. Brown. It was his; nothing prevented him from successfully asserting ownership except his transaction with Mrs. Reinhardt. As against every other person it belonged to him; but it would

have been a fraud upon her for him to repudiate the conveyance, and the law of estoppel would prevent him from doing so. (*Clendening v. Wyatt*, 54 Kan. 523, 38 Pac. 792, 33 L. R. A. 278.) A court of equity would doubtless recognize and uphold this conveyance as between the immediate parties thereto, but would not, in so doing, interfere with the rights of other persons. In contemplation of law the conveyance to Mrs. Reinhardt carried to her the same interest therein that she would have received if it had been executed after the death of J. W. Brown's mother, and no more. She took the land subject to the debts of her grantor. These propositions seem too clear to justify the citation of authorities.

It is contended that the judgment in question did not become a lien for the reason that it was not recorded as required by law, and did not impart notice to Mrs. Reinhardt. The judgment was rendered by a justice of the peace, and was filed in the district court. The statute upon this subject reads:

"In all cases in which a judgment shall be rendered by a justice of the peace, the party in whose favor the judgment shall be rendered may file a transcript of such judgment in the office of the clerk of the district court of the county in which the judgment was rendered; and thereupon the clerk shall, on the day on which the same shall be filed, enter the case on the appearance docket, together with the amount of the judgment and time of filing the transcript; and shall also enter the same on the judgment docket, as in case of a judgment rendered in the court of which he is clerk.

"Such judgment shall be a lien upon the real estate of the judgment debtor from the day of filing the transcript, in the same manner and to the same extent as if the judgment had been rendered in the district court." (Civ. Code, §§ 518, 519.)

It may also be done by filing an abstract of the judgment as provided by section 5352 of the General Statutes of 1901. (Justice's Civ. Code, § 119.) The only evidence of a compliance with the statute presented in

the case is a copy of the civil appearance docket of the district court, which reads:

"E. S. Bliss,                    H. C. Hargis, Attorney.
    v.
J. W. Brown and H. B. Brown.
    Transcript from L. H. Webb,
    J. P. Court.

| 1901. | | Costs Clerk's | Costs Sheriff's | Credit. |
|---|---|---|---|---|
| Aug. 7, | Docketing. . . . . . . . . . . . . | $0 15 | | |
| | Index. . . . . . . . . . . . . . . . . | 05 | | |
| | General index. . . . . . . . . . | 15 | | |
| | Transcript filed. . . . . . . . | 05 | | |
| | Entering judgment. . . . . . | 40 | | |
| | Satisfaction of judgment. . | 50 | | |
| | Judgment rendered Nov. 9, 1896, for plff. and against both defts., debt $218.48 with int. at 6% from date of judgment. Costs in J. P. court $48.35. Precipe for execution filed. . . . . . . . . . | 05 | | |
| | Execution issued. . . . . . . | 50 | | |
| Aug. 9, | Execution filed. . . . . . . . | 05 | $3 75 | |
| | Entering sheriff's return. . | 50 | | |
| | No property found. Copy of execution to plaintiff's attorney. . . . . . . . . | 50 | | |
| 1902. | | | | |
| Jan. 13, | Cert. and seal . . . . . . . . . . | 25 | | |
| | Certified abstract of judgment, Montgomery Co.. | 50 | | |
| | Cert. and seal. . . . . . . . . . | 25 | | |
| 14, | Received of Chas. W. Roberts 75c in payment of certified abstract of judgment. E. F. Nelson, clerk. . . . . . . . . . . . . . . | | | $0 75 |
| | Docket entry, 18. . . . . . . . | 90 | | |
| | Total. . . . . . . . . . . . . . | $4 80 | $3 75 | $0 75 |
| | Total against dft... $8 55 | | | |
| | Balance costs due.. 7 80 | | | |
| 1903. | | | | |
| Jan. 8, | Received from E. S. Bliss $4.05 my costs herein. Ed. F. Nelson, clerk.... | | | |
| 1904. | | | | |
| Apr. 13, | Precipe for execution filed. . . . . . . . . . . . . | 05 | | |
| | Execution issued. . . . . . . . | 50 | | |
| | Execution recorded. . . . . . | 50 | | |
| | Execution indexed. . . . . . | 05 | | |
| 28, | Execution retd. and filed.. | 05 | | |
| | Entering sheriff's return, | 50 | 3 10" | |

There is an entry on the execution docket which appears to have been made April 3, 1904. This entry reads:

"Title of case, E. S. Bliss v. J. W. Brown and H. B. Brown.
   Abstract Q. P. 509.
   Date of judgment, Nov. 9, 1896.
   Date of issue, April 3, 1904.
   To whom issued—Sheriff of Cowley county.
   Debt, $218.48.
   Costs, $48.35—$12.55."

The sheriff made return of no property found.

No objection was made to the introduction of these entries on the appearance docket, and the only objection made to the entries on the execution docket was that they were made April 3, 1904, long after the execution of the conveyance to Mrs. Reinhardt. The mother of Brown was alive, however, and the owner of the land in controversy. These entries, while not the best evidence that a transcript of the judgment was filed with the clerk of the district court, are some evidence of that fact. The statute expressly requires that the transcript of a judgment rendered by a justice of the peace, when filed, shall be entered upon the appearance docket. The entries therein are made in the performance of an official duty, and the presumption of law follows that they were rightfully and properly made. These entries show that a transcript of the judgment from the court of L. H. Webb, a justice of the peace, was filed in that office. They also give the date and amount of such judgment, and the names of the parties thereto. The entries on the execution docket corroborate these facts, and, all together, are sufficient to establish *prima facie* that such a transcript was properly filed as provided by law. It will be observed that it is the filing of the transcript that gives the lien, and not the entries made by the clerk. The party files the transcript. He can do no more. It is the clerk's duty to make the required record, but if the perform-

ance of this duty is delayed, or even omitted, the lien is not lost. The transcript, when filed, becomes a public record, which imparts notice as fully as if properly recorded. (*Poplin v. Mundell*, 27 Kan. 138; *Lee v. Bermingham*, 30 Kan. 312, 316, 1 Pac. 73.)

We conclude that Mrs. Reinhardt took the land subject to the lien of this judgment. The judgment of the district court is therefore reversed, with direction to proceed in accordance with the views herein expressed.