No. 19,784.

FRANK LESLIE, *Appellant,* v. THE HARRISON NATIONAL BANK and K. C. BECK, as Sheriff, etc., *Appellees.*

### SYLLABUS BY THE COURT.

1. PUBLIC LANDS—*Death of Settler—Patent to Heirs—Title not Affected by Settler's Will—No Estoppel.* Where a settler upon public land of the United States died, leaving a will giving a life estate in all his property to his wife, with a remainder to their children, and the widow enjoyed during her life all the rents and profits of the land, which was patented to the heirs, she and the children supposing that title had passed in accordance with the terms of the will, no estoppel thereby arose such as to vest an equitable title to the fee in the children, subject to a life interest in the mother.

2. DEED—*Description—Conveyed Entire Interest of Grantor.* A grantor who in fact owns an undivided one-eighth interest in a tract of land, derived from the government, but who supposes that he owns an undivided one-fourth interest subject to a life estate, derived from a

Leslie v. Bank.

will, passes all the title he has by a deed describing the property conveyed as a one-fourth interest, arising under the will, the warranty clause containing an exception as to the life estate.

3. DEED—*Grantor's After-acquired Title—Inures to Benefit of Grantee.* Where one under the mistaken belief that he is the owner of an interest in a tract of land executes a warranty deed thereto as a gift to his son, a title afterwards acquired by him will pass to the grantee only in subjection to the lien of any judgment existing against the grantor at the time of acquiring the title.

4. EXECUTION—*Injunction—Judgment Lien.* An owner of an undivided one-fourth interest in land, one-eighth interest being subject to the payment of a judgment against his grantor, and the other eighth not, is entitled to an injunction against the sale of more than an undivided one-eighth interest in the land under an execution issued on such judgment.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 8, 1916.    Modified.

*C. M. Williams,* of Hutchinson, for the appellant.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: The Harrison National Bank, having a judgment against J. F. Leslie, levied an execution upon the undivided one-fourth interest in two tracts of land, and was about to sell it as his property, when his son, Frank Leslie, brought an action to enjoin the sale on the ground that he was the owner of the interest sought to be sold.    Upon a trial relief was denied, and an appeal was taken from the decision refusing the injunction.

On June 18, 1878, Alexander Leslie (father of the judgment debtor and grandfather of the plaintiff in the injunction action) made a will which, without describing any specific property, gave a life interest in all the estate, both real and personal, of which he should die seized, to his wife, with a remainder in equal shares to their four sons, one of whom was J. F. Leslie.    At the time of making the will both tracts referred to were government land, occupied by the testator with a view to acquiring title under the preëmption and timber-culture acts.    He died July 2, 1878.    The widow elected to take

under the will. Patents were issued on one tract in 1880, and on the other in 1890, to the heirs of Alexander Leslie, who were his widow and the four sons named in his will. The will, of course, did not affect the title to the land, which by virtue of the federal law passed to the heirs as grantees of the government. (*Byerly v. Eadie*, 95 Kan. 400, 148 Pac. 757; *Buxton v. Traver*, 130 U. S. 232.) No question is made regarding this proposition, but Frank Leslie maintains that the conduct of the heirs produced the same result as though they had entered into an effective agreement with each other that the land should be held in accordance with the terms of the will. Oral evidence was introduced by Frank Leslie to the effect that they all understood that each son owned an undivided one-fourth interest, subject to a life estate in their mother, and that she enjoyed all the rents and profits until her death.

On August 2, 1904, J. F. Leslie (his wife joining) executed to his son Frank Leslie, for a recited consideration of one dollar and love and affection, a general warranty deed, in which the property conveyed was thus described: "Our undivided one-fourth interest in and to the East one-half of section thirty (30), in township twenty-two (22), South of range nine (9) West of the 6th P. M. Being the interest arising under the will of Alexander Leslie deceased the father of John F. Leslie." The warranty clause contained an exception as to the life interest of Elizabeth Leslie. The bank sued J. F. Leslie July 21, 1901. Its judgment was rendered September 16, 1904. Elizabeth Leslie died May 17, 1913, leaving all her property in equal shares to the four sons already referred to. The execution levied upon the real estate in question was issued October 20, 1913.

(1) Frank Leslie maintains that his grandmother, having acquiesced in and received the benefits of the arrangement by which she was treated as owning a life estate, was estopped to assert any other title; and therefore that his father should be regarded as having owned a one-fourth interest in the land when he executed the deed. No doubt the heirs of Alexander Leslie could have made any agreement they saw fit as to the disposition of the property, and even although not in writing it would have been enforced if it had been so far acted upon as to take it out of the statute of frauds. (*McCullough v. Finley*,

69 Kan. 705, 77 Pac. 696.)    But it does not appear that any contract was made.    The mother and her sons seem to have acted upon the assumption that the land was disposed of by the will.    But we can not regard the acquiescence in that view by all concerned, under a common mistake, and the innocent acceptance by the mother of the temporary fruits of the error, even for a period extending over many years, as accomplishing by estoppel a change in the equitable title to the property. The mother's election to take under the will could not have such an effect.    That was a proper proceeding in any event, having no necessary connection with this land, which was not specifically referred to by the testator.

(2)  The bank contends that the deed executed by J. F. Leslie purported to convey only the interest arising under the will, and therefore that it conveyed nothing at all, since no title whatever was derived from that source.    Considering the language of the deed in connection with the undisputed facts, it is clear that the grantor intended to convey all the interest he had in the property.    He supposed it to be an undivided one-fourth, subject to a life estate in his mother, when in fact it was a present right to an undivided one-eighth; he supposed that he derived what title he had from the will, when in fact he derived it from the government by operation of law.    He was mistaken as to the extent and as to the exact source of his title, but knew in a general way that an interest in the land came to him through the death of his father.    Since he obviously intended to dispose of all the interest he had, and since he employed words sufficient to convey even more, the deed should be interpreted as conveying that much.    (13 Cyc. 656, 657; 8 C. J. 1060.)

(3)  Upon the death of his mother (May 17, 1913) J. F. Leslie acquired from her an additional eighth interest in the property.    As he had already executed a warranty deed to his son for a quarter interest, this newly acquired title doubtless inured to the benefit of the grantee.    (Gen. Stat. 1909, § 1656.) But in the meantime the bank had obtained a judgment against him, the lien of which attached to his interest in the land as soon as he received it, and remained an incumbrance notwithstanding the immediate vesting of title in Frank Leslie.    (*Bliss v. Brown,* 78 Kan. 467, 96 Pac. 945.)

(4) It follows that the bank was entitled to sell upon execution an undivided one-eighth interest in the land, being the interest which J. F. Leslie acquired under his mother's will. It claims, however, the right to reach also the other eighth interest, which J. F. Leslie derived directly from the government, not only on the ground already stated, that the deed passed no title, but also on the theory that it was made in fraud of creditors. No showing was made, however, that J. F. Leslie was insolvent when it was executed. Moreover, no attack having been made upon it for more than nine years after the judgment was rendered, the statute of limitations had barred an action to set it aside on the ground of fraud. (*Donaldson v. Jacobitz*, 67 Kan. 244, 72 Pac. 846.) Frank Leslie was entitled to a judgment enjoining the sale of more than an eighth interest in the land. The considerations that permit the full owner of a tract to obtain an injunction against its sale as the property of some one else apply with equal force where an effort is made to sell upon execution an interest larger than may rightfully be subjected to the payment of the judgment.

The judgment will be modified to the extent indicated, and as so modified, affirmed.