PAGE CLARK KEEL, A MINOR, APPEARING HEREIN BY HIS NEXT FRIEND, J. W. KEEL, v. WILLIE BAILEY, ADMINISTRATOR C. T. A. OF THE ESTATE OF BETTIE BAILEY, AND J. G. FULGHUM, SHERIFF OF WILSON COUNTY.

(Filed 28 September, 1938.)

**1. Judgments § 19b—**

A judgment by confession, like any other judgment, becomes a lien on the judgment debtor's real estate as of the date the judgment is docketed. C. S., 614, 623-625.

**2. Husband and Wife § 14—**

Neither a judgment obtained by a third person against either spouse, nor a judgment obtained by one spouse against the other, is a lien on land held by them by entireties.

**3. Judgments § 44—Judgment by confession held not canceled by later exchange of deeds between parties.**

Judgment by confession was entered against a husband in favor of his wife.   Thereafter the parties exchanged deeds in order to divide between them lands held by the entireties, which deeds contained no stipulation in regard to the judgment.   *Held:* The deeds did not cancel the judgment.

**4. Judgments § 19d: Husband and Wife § 14—Title to lands held by entireties vests in survivor, and lien of judgment against survivor attaches immediately and has priority over deed executed by him subsequent to the docketing of the judgment.**

Husband and wife held several tracts of land by the entireties.   Thereafter a valid judgment by confession was entered against the husband in favor of the wife, which judgment was duly docketed.   Less than a year later the husband and wife exchanged deeds in order to divide the lands between them, and the land in controversy was conveyed by the wife to the husband, and the following day the husband executed a deed of trust on the land in controversy without the joinder of his wife.   The deed of trust was foreclosed and plaintiff obtained title to the land in controversy by deed from the purchaser at the sale.   Some four years after the execution of the deed of trust, the wife died, and plaintiff instituted this action to restrain her administrator from selling the land under execution to satisfy the judgment by confession.   *Held:* The exchange of deeds between

the husband and wife did not cancel the judgment by confession, and whether the exchange of deeds extinguished the estate by entireties is not necessary to be decided, since upon the wife's death title was vested in the husband and the lien of the judgment by confession immediately attached and has priority over the attempted deed of trust executed after the judgment was docketed.

APPEAL by plaintiff from *Hamilton, Special Judge,* at June Term, 1938, of EDGECOMBE. Affirmed.

The judgment of the court below is as follows:

"This cause coming on to be heard before Honorable Luther Hamilton, Special Judge holding courts in the Second Judicial District, at the June, 1938, Term of the Superior Court of Edgecombe County, and being heard in chambers, and it appearing to the court that this is an action instituted by the plaintiff for the purpose of having a certain judgment declared not a lien upon his lands, and that at the institution of said action the plaintiff obtained a temporary restraining order enjoining the defendants from proceeding to sell said lands under execution issued on said judgment; that said restraining order was made returnable before Honorable Walter J. Bone, Resident Judge of the Second Judicial District, but that Judge Bone disqualified himself to hear the matter because he has been a counsel in one phase of this litigation before going on the bench; that therefore the hearing on the return of said restraining order was continued and now comes on for hearing by consent before the undersigned judge for a determination of whether said restraining order shall be dissolved or shall continue in force until the regular trial of the cause; that all the evidence is documentary and the plaintiff and defendants are permitted to file the respective pleadings as affidavits; that no issues of fact arise upon the pleadings and the injunctive relief sought by the plaintiff constitutes the primary cause: It is made to appear to the court, and the court finds as facts, as follows:

"(1) On 11 February, 1927, J. W. Robbins, commissioner, conveyed to Robert Bailey and wife, Bettie Bailey, as an estate by the entireties, a certain tract of land situate in Toisnot Township, Wilson County, North Carolina, and known as the Ben Dawes tract, containing 46 acres, more or less. The said Dawes tract is the land against which defendants assert the judgment lien. This deed was recorded on 14 February, 1927, in Book 165, page 443, Wilson County registry.

"(2) On 29 September, 1930, Robert Bailey entered a confession of judgment in favor of his wife, Bettie Bailey, in words and figures as follows: (There is set forth a copy of the confession of judgment and judgment upon confession for $6,900.)

"This judgment was duly docketed in the office of the clerk of the Superior Court of Nash County. A transcript was issued to Wilson

County on 29 September, 1930, and duly docketed there in the office of the clerk of Superior Court, on 1 October, 1930, in Judgment Book 11, page 143.

"(3) On 17 July, 1931, Robert Bailey and wife, Bettie Bailey, were the owners by the entireties of several tracts of land in Wilson and Nash counties, including the Dawes tract hereinbefore referred to, and on said date the said Robert Bailey and wife, Bettie Bailey, executed a joint deed which was recorded on 7 June, 1932, in Book 202, page 50, Wilson County registry, and is in words and figures as follows:

" 'North Carolina—Nash County.

" 'This deed, made this 17 July, 1931, by and between Bettie Bailey, party of the first part, and her husband, Robert Bailey, party of the second part, both of said county and State.

" 'Witnesseth: Whereas, that prior to this date parties of the first part and the second part hereto have been the owners for a number of years of two certain tracts or parcels of land conveyed to them as man and wife by two certain deeds, one made by J. W. Robbins, commissioner, which deed is of record in Book 165, page 443, Wilson County registry, dated 11 February, 1927; and the other made by David Bailey to the said parties of the first and second part hereto, and which deed is registered in Book 113, page 469, Wilson County registry, and dated 26 January, 1922, said two tracts of land being hereinafter fully described have been held and owned by the said Robert Bailey and wife, Bettie Bailey, under the terms and the estates as conveyed to them by the said two deeds above referred to.

" 'And whereas, the said parties of this deed have for a number of years likewise owned and occupied a tract of land in Rocky Mount Township, Nash County, North Carolina, upon which they now reside and have resided for a number of years, which tract is described in a deed from T. W. Williams and wife to the said Robert Bailey and Bettie Bailey by deed registered in Book 200, page 230, Nash County registry, and which has been at all times since held by them under the terms and the estate as conveyed to them under the said deed.

" 'And whereas, the said parties hereto have determined to divide their said lands so that the party of the first part hereto shall hereafter own the Nash County lands above referred to and the said party of the second part shall hereafter own the Wilson County lands above referred to, and the several deeds are at this time executed for the purpose of perfecting and carrying out said agreement.

" 'Now, therefore, in consideration of the premises and for the further consideration of Ten Dollars and other valuable consideration, said party of the first part has and does hereby release, remise and forever quit-

6—214

claim and does further hereby convey all her right, title and interest in and to the lands hereinafter described to the said Robert Bailey, husband of the said Bettie Bailey, his heirs and assigns forever, in as full and ample manner as she has a right to do, the following described lots, tracts or parcels of land, to wit:

" 'First Tract: A tract situate in Toisnot Township, Wilson County, North Carolina, and is bounded on the north by the lands of Charlie Lancaster and Wiley Williams; east and south by the lands of Wiley Barkley; west by the lands of Charlie Lancaster and Wiley Williams, it being the same tract of land which was conveyed 25 March, 1903, by John L. Bailey and wife to David Bailey by deed registered in Book 49, page 395, Wilson County registry, and contains 65 acres, more or less, and is also described in a deed registered in Book 113, page 469, Wilson County registry.

" 'Second Tract: A tract situated in Toisnot Township, Wilson County, North Carolina, and known as the Ben Dawes land and adjoins the land of Noah Turner, Wiley Williams and others and contains 46 acres, more or less, and is situated on the east side of Rocky Mount and Wilson road leading by Upper Town Creek Church and situate about three-quarters of a mile north of said Upper Town Creek Church. This is the identical land conveyed to Robert Bailey and wife, Bettie Bailey, by J. W. Robbins, commissioner, on 11 February, 1927, by deed recorded in Book 165, page 443, Wilson County registry.

" 'To have and to hold to him the said Robert Bailey, his heirs and assigns forever.

" 'And the said party of the first part expressly states and covenants that she has done nothing to impair the title to said lands since the same was conveyed to the parties hereto by the deeds above referred to.

" 'In testimony whereof, party of the first part has hereunto set her hand and seal, the day and year first above written.

" 'The said Robert Bailey subscribed his name hereto for the purpose of signifying his written assent to the execution hereof by his wife.

her<br>
BETTIE   X   BAILEY   (Seal)<br>
mark<br>
ROBERT BAILEY     (Seal)'

(Acknowledgment and privy examinations duly taken and deed duly recorded.)

"(4) On the same date, 17 July, 1931, Robert Bailey executed a deed to Bettie Bailey purporting to convey all his right, title and interest in the Nash County land to her. This deed recites that it is in pursuance of the desire of the parties to make a division of the Nash and Wilson

County lands. This deed was recorded on 25 July, 1931, in Book 352, page 554, Nash County registry.

"(5) On 18 July, 1931, Robert Bailey, without the joinder of his wife, Bettie Bailey, executed a deed of trust to E. B. High, trustee, covering the Dawes tract, to secure an indebtedness of $365.00. This trust deed contains full covenants of warranty as to title. This instrument was recorded on 13 November, 1931, in Book 201, page 24, Wilson County registry.

"(6) There was default in the payment of the indebtedness secured by the deed of trust referred to, and sale under foreclosure was duly held on 1 February, 1932, when and where T. T. Thorne and J. W. Keel became the last and highest bidders. Accordingly, on 18 February, 1932, the trustee executed a deed to them conveying to them the said Dawes tract. This deed was recorded on 7 June, 1932, in Book 202, page 49, Wilson County registry.

"(7) Bettie Bailey died testate on 14 July, 1935, and Willie Bailey, one of the defendants, was appointed administrator *c. t. a.* of her estate.

"(8) On 23 December, 1935, J. W. Keel and wife, Frances C. Keel, conveyed the said Dawes tract to the plaintiff, Page Clark Keel, subject to the life estate of the grantors.

"(9) On 13 January, 1938, Willie Bailey, in his capacity as administrator *c. t. a.* of the estate of Bettie Bailey, issued execution to Wilson County on the judgment which Robert Bailey confessed in favor of Bettie Bailey with the purpose of having the said Dawes tract sold under execution to satisfy the said judgment. Thereupon the plaintiff instituted this action on 3 March, 1938, to have the judgment declared not a lien on said land, and secured a temporary restraining order enjoining the defendant, Willie Bailey, administrator *c. t. a.,* and the defendant, Sheriff of Wilson County, from proceeding with the execution sale.

"(10) Robert Bailey is still living.

"Upon a consideration of the foregoing facts, the court being of the opinion that the judgment constitutes a legal, valid and subsisting lien upon the lands of the plaintiff hereinbefore referred to, and that the defendant, Willie Bailey, administrator *c. t. a.,* is entitled to have said lands sold under execution to satisfy the lien of said judgment for the benefit of the estate of Bettie Bailey;

"It is now, therefore, considered, ordered and adjudged:

"(1) That the judgment confessed by Robert Bailey in favor of Bettie Bailey on 29 September, 1930, in the sum of $6,900 and costs, and docketed on 1 October, 1930, in Book 11, page 143, in the office of the clerk of the Superior Court of Wilson County, be and it hereby is declared a legal, valid and subsisting lien upon the land situate in Wilson County known as the Ben Dawes tract, containing 46 acres, more or less,

and more particularly described in the deed from J. W. Robbins, commissioner, to Robert Bailey and wife, Bettie Bailey, recorded in Book 165, page 443, Wilson County registry.

"(2) That therefore the said restraining order entered herein enjoining the defendants from proceeding to sell the said Dawes tract under execution issued on said judgment be and it hereby is dissolved and vacated and defendants are declared to be entitled to proceed with said execution sale.

"(3) However, that if the plaintiff files with the court the bond provided for by law in such cases, the amount of which is fixed in the appeal entries, the said restraining order shall continue in effect until a determination of the appeal from this judgment.

"(4) That the costs in this matter be taxed against the plaintiff.

"This 13 June, 1938.                                    LUTHER HAMILTON,
                                                                *Judge Presiding."*

To the foregoing judgment the plaintiff excepted, assigned error and appealed to the Supreme Court.

*Keel & Keel and David W. Isear for plaintiff.*
*Harold D. Cooley, Dan S. Bryan, and Adams & Spruill for defendants.*

CLARKSON, J. Does the judgment by confession in favor of Bettie Bailey and against Robert Bailey constitute a legal, valid and enforceable lien upon the Dawes tract? We think so.

In the judgment of the court below is the following: "That the judgment confessed by Robert Bailey in favor of Bettie Bailey on 29 September, 1930, in the sum of $6,900 and costs, and docketed on 1 October, 1930, in Book 11, page 143, in the office of the clerk of the Superior Court of Wilson County, be and it hereby is declared a legal, valid and subsisting lien upon the land situate in Wilson County known as the Ben Dawes tract, containing 46 acres, more or less."

N. C. Code of 1935 (Michie), sec. 614, is, in part, as follows—speaking of judgments: ". . . Is a lien on the real property in the county where the same is docketed of every person against whom any such judgment is rendered, and which he has at the time of the docketing thereof in the county in which such real property is situated, or which he acquires at any time thereafter, for ten years from the date of the rendition of the judgment . . ."

A judgment by confession, like any other judgment, becomes a lien on the debtor's real estate when docketed. C. S., 623-625; *Bank v. Mc-Cullers,* 201 N. C., 440 (444).

We have here a valid judgment by confession, duly docketed, in favor of Bettie Bailey against Robert Bailey. The land in controversy, the Ben Dawes tract, containing 46 acres more or less, was conveyed to Robert Bailey and wife, Bettie Bailey, as an estate by entireties on 11 February, 1927, by J. W. Robbins, commissioner. On 17 July, 1931, Robert Bailey and wife, Bettie Bailey, executed deeds (1) Bettie Bailey to Robert Bailey, the Ben Dawes tract held by entireties; (2) Robert Bailey to Bettie Bailey, all his right, title and interest in the Nash County land. The purpose of the parties was to make a division of the Nash and Wilson County lands. On 18 July, 1931, Robert Bailey (without joinder of his wife, Bettie Bailey) executed a deed of trust to E. B. High, trustee, covering the Dawes tract, to secure an indebtedness of $365.00. This trust deed contains full covenants of warranty as to title. The deed of trust was foreclosed and J. W. Keel *et al.,* became the purchasers.

Robert Bailey is still living. Bettie Bailey died testate on 14 July, 1935, and Willie Bailey, one of the defendants, was appointed administrator *c. t. a.* of her estate.

On 23 December, 1935, J. W. Keel and wife, Frances C. Keel, conveyed the said Dawes tract to the plaintiff, Page Clark Keel, subject to the life estate of the grantors.

On 13 January, 1938, Willie Bailey, in his capacity of administrator *c. t. a.* of the estate of Bettie Bailey, issued execution to Wilson County on the judgment which Robert Bailey confessed in favor of Bettie Bailey with the purpose of having the said Dawes tract sold under execution to satisfy the said judgment. Thereupon the plaintiff instituted this action on 3 March, 1938, to have the judgment declared not a lien on said land, and secured a temporary restraining order enjoining the defendant Willie Bailey, administrator *c. t. a.,* and the defendant Sheriff of Wilson County, from proceeding with the execution sale. The temporary restraining order was dissolved and vacated by the court below. In this we see no error.

It is well established in this jurisdiction that a judgment obtained by a third party against either spouse is not a lien on land held by them by the entireties. *Hood v. Mercer,* 150 N. C., 699; *Johnson v. Leavitt,* 188 N. C., 682. A judgment obtained by one spouse against the other is not a lien on property held by them by the entireties. *Mahen v. Ruhr,* 293 Mo., 500, 240 S. W., 164, briefed in 35 A. L. R., at 152 (1922); *Shinn v. Shinn,* 4 L. R. A., 224 (Kan., 1889).

The learned discussion of the able attorneys in their arguments and briefs as to whether one spouse can convey directly to the other in extinguishment of an estate by the entireties, is not necessary to be decided on this record.

(1) The judgment by confession made by Robert Bailey to Bettie Bailey for $6,900, duly docketed on 1 October, 1930, is not disputed.

(2) Thereafter, on 18 July, 1931, the deed of trust was executed by Robert Bailey to E. H. High, trustee, for the Dawes tract, without joinder of his wife. Plaintiff claims through this conveyance.

(3) Bettie Bailey died on 14 July, 1935, and left surviving her husband, Robert Bailey. On her death the estate by entireties ceased and the Dawes tract held by the entireties vested in Robert Bailey, and the lien of the judgment immediately attached and had precedence over the deed of trust made subsequently by Robert Bailey to E. H. High, trustee, through whom plaintiff claims.

In *Linker v. Linker,* 213 N. C., 351 (354-5), we find: "As to priority of the docketed judgments, in *Moore v. Jordan,* 117 N. C., 86, it is said: 'The defendant Lewis contends that, as was the case under our former system, the lien when it attaches relates back to the day when the judgment was docketed. . . . Neither the court nor counsel have been able to find any decided cases on this question in any of the states except one in Oregon. . . . We are, therefore, to construe our statute, The Code, sec. 435 (C. S., 614), according to its meaning and on general principles of reasoning. . . . There seems to be no reason why priority should be allowed when the title to the land and the several liens occur at the same moment. There is no equitable ground on which to place it, because one judgment debt in the eye of the law is as just as any other, and there is no natural justice in the proposition. . . . Our conclusion is that the proceeds of the land should be applied to the judgments pro rata.' *Johnson v. Leavitt,* 188 N. C., 682, 125 S. E., 490."

Recorded prior in point of time, we think the judgment lien will prevail over the attempted lien created by the deed of trust. See *Bliss v. Brown,* 78 Kan., 467, 96 Pac., 945 (1908); *Leslie v. Harrison Nat. Bank,* 97 Kan., 72, 154 Pac., 209 (1916); 15 R. C. L., sec. 284; *Weil Bros. v. Casey,* 125 N. C., 356; *Trust Co. v. Sterchie,* 169 N. C., 21.

If valid, in construing the deeds we think the language only applies to the division of the real estate and had no effect on the judgment. If the judgment was to be canceled, the deeds should have said so.

For the reasons given, the judgment of the court below is

Affirmed.