. Nash, J.
 

 The bill was filed originally to enjoin a judgment at law upon a bond, executed by the complainant to the defendant, Robinson, and by him assigned to the defendant, Mathis. The answers came in at Fall Term 1845, of the Court of Equity for Sampson County; and upon motion by the counsel of the defendants, the injunction previously granted was dissolved. From this interlocutory decree no appeal was taken, but at the Spring 'Term following, the bill was continued over as an origin
 
 *81
 
 al bill, and the plaintiff replied to it. At Spring Term 1849, the cause was set for hearing, and at Spring Term 1850 transferred to this Court. The cause is now to be heard, precisely as if it had originally been filed to procure a decree for the recover}’ of the money paid under the judgment obtained. The plaintiff alleges, that an ap. prentice of his, a slave named Dorsey, was arrested under a charge made by the defendant Robinson, that he, through the instrumentality of the plaintiff, had enticed from his possession a negro named Riley; and that Mathis, the other defendant, represented to him, that the charge was a serious one, and, if proved, would take Dorsey’s life ; and that Robinson was willing to compromise the matter and have the boy discharged, if the plaintiff would execute his bond for $400, which he did. After this Dorsey was committed to jail, whereupon the bond to Mathis was given up. Subsequently, and while Dorsey was in jail under the charge, another contract was made between the plaintiff and the defendant Robinson, that the former should pay the latter $25 in cash, and give his bond for $375, and the latter was to “discharge Dorsey entirely from the charge and set him at liberty.” The answers of the defendants positively deny, that either the bond for $400 or that for $375 was given for the purpose alleged in the bill, but simply to indemnify the defendant, Robinson, for the loss'of his slave, Riley, and thg expenses to which he might be put in recovering him. And Robinson, in his answer, states, that there was a controversy subsisting between him and one Sutton, concerning the title to Riley; and that a suit had been brought against him by Sutton for the recovery of the slave and was then pending ; and that, by the inducement of Dorsey, Riley was put into the possession of Sutton. The sole ground, upon which the plaintiff places his right to the relief he seeks, is, that the bond was given to suppress a State prosecution. No doubt, if the facts were so, the bond is
 
 *82
 
 void both in law and in equity. But the defendants deny, that such was the consideration, upon which it was given, and the plaintiff" produces no evidence whatever to prove it. When the defendant, in his answer, admits the plaintiff’s equity on the facts, on which it is founded, but sets up an equity in himself of a distinct nature, he must sustain his answer by proofs,
 
 Lyerly
 
 v.
 
 Wheeler,
 
 3 Ire. 599; but where he denies the plaintiff’s equity, the plaintiff must sustain his allegations by proper proofs. It will not be sufficient for him to rely upon an equity disclosed in the answer, other than that alleged in his bill — the
 
 probata
 
 and the
 
 allegata
 
 must agree.
 
 Crawley
 
 v.
 
 Timberlake,
 
 1 Ire. Eq. 346. The answers further allege, that the de» fendant Robinson, surrendered Dorsey to the Superior Court, to which he was bound over ; and that the Prosecuting offieer, on behalf of the State, caused him to be discharged — not for want of the testimony of Robinson or any other witness, but because, according to the facts stated to him, no offence against the law had been perpetrated by him ; and, in fact, the statements of the bill, so far as Dorsey is concerned, show neither a felony nor misdemeanor, punishable by indictment, perpetrated by him.
 

 The plaintiff, not having produced any evidence to sustain his allegations, and they being denied by the defendants, the bill must be dismissed with costs.
 

 Per Curiaw, Bill dismissed with costs.