COLONIAL TRUST COMPANY, W. L. GARRIS AND WIFE v. STERCHIE
BROTHERS, W. V. HALL, AND N. W. WALLACE, SHERIFF.

(Filed 28 April, 1915.)

**Trusts and Trustees—Deeds and Conveyances—Parol Trusts—Judgments—Liens—Registration—Notice—Consideration.**

A parol trust in lands in favor of a grantor of a deed purporting to convey the fee cannot be established, the effect being to contradict the writing by parol; and where a judgment has been obtained and docketed against the grantee, the lien thereof immediately attached upon the registration of his deed, and cannot be defeated by a deed in trust subsequently registered and carrying out the agreement theretofore resting only in parol; and the consideration recited in grantee's deed is immaterial. Revisal, sec. 980.

WALKER, J., concurs in result.

APPEAL by plaintiffs from *Harding, J.,* at chambers, 28 December, 1914; from MECKLENBURG.

This is an appeal from a refusal by the judge to continue a restraining order to the hearing.

The plaintiffs allege in their complaint that on 1 May, 1913, the Colonial Trust Company conveyed to the defendant W. V. Hall, by deed in fee simple, with warranty, and reciting "$100 and other valuable consideration," certain lots in Charlotte, which deed was duly recorded in the office of the register of deeds of Mecklenburg on that date. A few days later (3 May) Hall conveyed the property by deed of trust to J. W. Barry, trustee, to secure a loan of $900, which was also duly recorded. In December, 1913, at the request of the Colonial Trust Company, Hall by deed duly recorded conveyed said lots in fee simple, with the usual covenants of warranty, to plaintiffs Garris and wife.

In May, 1909, the defendants Sterchie Brothers obtained judgment against W. V. Hall, which was duly docketed 3 June, 1909, in Mecklenburg County. On 14 November, 1914, the defendants Sterchie Brothers caused an execution to be issued on aforesaid judgment against W. V. Hall, and the aforesaid lots were advertised for sale thereunder. The plaintiffs obtained a restraining order against the sale of said lands, returnable before *Harding, J.,* at the courthouse in Charlotte, 28 December, 1914, alleging that when the property was conveyed by the Colonial Trust Company to the said W. V. Hall he paid nothing therefor, and that there was a contemporaneous agreement that he should hold only the naked legal title and was to execute a declaration of trust, and that therefore Hall had no interest which could be sold under the execution. The defendants demurred upon the ground that no cause of action was stated. His Honor, being of that opinion, dissolved the restraining order, and the plaintiff appealed.

*J. W. Barry for plaintiffs.*
*Robert S. Hutchinson for defendants.*

CLARK, C. J. In *Gaylord v. Gaylord,* 150 N. C., 222, it was held that "where there is a deed, conveying the absolute title to land, giving clear indication on the face of the instrument that such title was intended to pass, a contemporaneous parol trust cannot be set up or engrafted in favor of the grantor. The vendor cannot in such case by a contemporaneous parol agreement contradict his written conveyance. A trust in favor of the grantor to secure the purchase money, or for other purposes, must be in writing." *Gaylord v. Gaylord* has been cited with approval in *Newkirk v. Stevens,* 152 N. C., 502; *Dunlap v. Willett,* 153 N. C., 321; by *Brown, J.,* in *Ricks v. Wilson,* 154 N. C., 286; *Weaver v. Weaver,* 159 N. C., 21; *Jones v. Jones,* 164 N. C., 322, and *Cavenaugh v. Jarman, ib.,* 375.

The plaintiffs, therefore, cannot claim under the alleged cotemporaneous parol trust as against the lien of the docketed judgment in favor of Sterchie Brothers which attached upon the registration of the deed to Hall; nor can they claim under the subsequently executed deeds made by Hall. The condition of the plaintiffs cannot be stronger than that of a vendor who has taken a mortgage, or a deed of trust, or who has received a written declaration of trust from the vendee to secure the purchase money, but has failed to place the same on record. When the deed to Hall was recorded the lien of the defendants' judgment at once attached to the land, and was superior to any equity which the trust company either retained or attempted to retain by the alleged parol agreement or by any subsequently recorded conveyance. The amount of consideration recited in the deed to Hall is immaterial. If it amounted to notice, under our registration laws it could not avail against the lien of prior registered conveyances or docketed judgments.

Revisal, 980, commonly known as the "Connor Act," provides: "No conveyance of land, or contract to convey, or lease of land for more than three years, shall be valid to pass any property as against creditors or purchasers for a valuable consideration from the donor, bargainor, or lessor, but from the registration thereof within the county where the land lies." Even if there had been a trust or mortgage executed in writing simultaneously with the conveyance to Hall, it would not avail against the lien of a docketed judgment, or a conveyance by Hall registered prior to the registration of the trust deed, or mortgage to secure the purchase money. In *Bunting v. Jones,* 78 N. C., 242, it was held where the vendor's deed and the mortgage by the vendee to secure the purchase money were made simultaneously and recorded together, that then the lien of a judgment did not take priority over the mortgage to secure the purchase money. This case has been cited with approval, see Anno. Ed., in many cases down to *Hinton v. Hicks,* 156 N. C., 24, in all of which the conveyance and the mortgage back were "filed for registration at the same moment." In such case the title does not vest in the vendee for a single moment, but, as *Judge Reade* said in *Bunting v. Jones, supra,* it is "Like the Borealis' race, that flits ere you can point their place."

In the present case the conveyances in pursuance of the alleged trust were not executed, much less registered, till afterwards.

In *Quinnerly v. Quinnerly,* 114 N. C., 145, it was held that a mortgage for the purchase money of land is not entitled to priority over a second mortgage which is filed first, even though the second mortgagee may have actual notice of the unregistered prior mortgage, and that this was so prior to the passage of the Connor Act, which merely extended the principle to deeds and judgment liens. That case has been cited in many cases quoted in the Anno. Ed., and since then it has been further cited

and approved, together with other cases of like tenor, in *Piano Co. v. Spruill,* 150 N. C., 169; *Moore v. Quickle,* 159 N. C., 130; *Moore v. Johnson,* 162 N. C., 272, and there are many other cases affirming the same doctrine which do not cite *Quinnerly v. Quinnerly* by name.

Under the provisions of the Connor Act the holder of a subsequently registered conveyance takes subject to the lien of a judgment creditor of the grantor where the judgment was rendered and docketed before the registration of the deed, even though there was an agreement between the grantor and the grantee that such deed should not be registered till the payment of the purchase money. *Tarboro v. Hicks,* 118 N. C., 163; *Bostic v. Young,* 116 N. C., 766; *Francis v. Herron,* 101 N. C., 497.

In *Quinnerly v. Quinnerly, supra,* it was said: "It is altogether too late to contend that the vendor of real estate, who has conveyed it by deed, has a lien upon the land for the purchase money; nor can the vendor reserve a lien unless he takes his security in writing and have it registered. All secret trusts, latent liens, and hidden encumbrances are, and were intended to be, cut up by the roots by the force of our registration laws, and since the decision of this Court in *Womble v. Battle,* 38 N. C., 182, the law as here announced has been considered as well settled in North Carolina." Decisions to the contrary can be found in Tennessee, and other States which retain the doctrine of "vendor's lien for purchase money," which was repudiated by us in *Womble v. Battle, supra.*

It seems that the object of the Colonial Trust Company in the conveyance to Hall was to procure money through a mortgage put on the property by him, and thus avoid injury to its credit by executing a mortgage itself. It might have taken a mortgage back and have had the same recorded simultaneously with its deed. Not having done so, the lien of the judgment against Hall takes priority, and the court properly held that the complaint did not state a cause of action.

Action dismissed.

WALKER, J., concurs in result.