SAM P. BRILEY v. VANCE L. ROBERSON AND WIFE, MYRTLE ROBERSON, HELEN ROBERSON MARDRE AND HUSBAND, GEORGE L. MARDRE, AND DELLA LOUISE ROBERSON, INDIVIDUALLY, AND VANCE L. ROBERSON, HELEN ROBERSON MARDRE AND DELLA LOUISE ROBERSON, EXECUTORS OF THE WILL OF J. H. ROBERSON, JR.

(Filed 19 October, 1938.)

**1. Trial § 22b—**

Upon a motion to nonsuit, the evidence tending to support plaintiff's cause of action is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

**2. Judgments § 33a—Voluntary nonsuit will not bar subsequent action.**

While C. S., 415, relating to the time of institution of an action in regard to the statute of limitations, provides that an action may be insti-

tuted within one year from judgment as of nonsuit, provided the original action was not brought *in forma pauperis*, a voluntary nonsuit will not bar a subsequent action even though the original action nonsuited was brought *in forma pauperis*.

**3. Trusts § 15—Grantor may engraft constructive trust upon his warranty deed upon a showing of fraud.**

While a parol trust cannot be engrafted on a warranty deed in favor of the grantor therein in the absence of fraud, mistake, or undue influence, in this case instituted by an old, feeble and illiterate Negro of good character to have his warranty deed set aside or declared to be an equitable mortgage, the evidence of fraud *is held* sufficient to be submitted to the jury.

**4. Limitation of Actions § 4—Whether action was instituted within three years from discovery of alleged fraud held for jury.**

Plaintiff, an old, feeble, illiterate Negro, instituted this action attacking a warranty deed executed by him on the ground that the grantees therein fraudulently procured the execution of the instrument, and that at the time plaintiff thought and intended to execute only a mortgage for the security of his debt. *Held:* Whether the cause of action was barred by the statute of limitations should have been submitted to the jury upon the evidence under the provisions of the statute that a cause of action for relief on the ground of fraud or mistake shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake. C. S., 441 (9).

APPEAL by plaintiff from *Williams, J.,* at April Term, 1938, of MARTIN. Reversed.

This is an action brought by plaintiff against defendants to set aside a deed for 108.35 acres of land in Martin County, N. C., made 19 December, 1930, by plaintiff to J. H. Roberson, Jr., on the ground of fraud. The consideration set forth in the deed is $2,000. The complaint alleges that "not one cent of said amount was paid to plaintiff," and further alleges:

"That plaintiff was, and said J. H. Roberson, Jr., and the defendant Vance L. Roberson, well knew at the time he executed said deed that he was helpless to meet their demands to pay his debt to them in full; that he had implicit confidence in their said representations; that he was too old, feeble and illiterate to understand the difference in the written provisions of a deed, deed of trust and mortgage deed, and that plaintiff was placing his trust and confidence in them to write the instrument in a manner which would permit him to redeem his said farm upon the payment of said debt in the manner then and there agreed upon.

"That said farm was at the time herein referred to and is now well worth the sum of seven thousand ($7,000) dollars, which was more than twice the amount plaintiff owed all of his creditors, secured and unsecured.

"That the plaintiff is informed and so believes and alleges, that the said representations made by said J. H. Roberson, Jr., and the defendant Vance L. Roberson, to plaintiff prior to and at the time he executed said deed were false, known to them to be false, and made for the purpose of defrauding plaintiff of his said tract of land. That the said J. H. Roberson, Jr., and the defendant Vance L. Roberson intentionally failed to write the defeasance or redemption clause in said conveyance for the purpose of defrauding plaintiff of his said farm. That the said J. H. Roberson, Jr., and defendant Vance L. Roberson knew said farm was worth a large amount more than the debts thereon, and that if their said deed of trust had been foreclosed, the said lands would have sold for a large amount more than the debts against same, and that plaintiff would never have executed said deed had he known that he would not have had an opportunity to redeem said farm.

"That plaintiff is informed and believes, and so alleges, that the said J. H. Roberson, Jr., and the defendant Vance L. Roberson entered into said scheme to defraud plaintiff of his said farm, believing that plaintiff would thereafter be unable to borrow the money necessary to pay said debt or that he would soon die, and that the transaction would never be investigated.

"That by reason of said false and fraudulent representations, upon which the plaintiff relied and was induced to deed away his said farm, believing that he was only executing a form of security for said debt he owed, he has been greatly damaged and injured, and said deed should be declared a mortgage and an accounting had to determine the amount, if any, plaintiff is indebted to defendants, and that he be permitted to pay same into a court and recover the title and possession of his said farm. That plaintiff is ready, willing and able to pay all that he justly owes the defendants.

"That defendants Vance L. Roberson, Della Louise Roberson and Helen Roberson Mardre are the sole devisees of said J. H. Roberson, Jr., and the defendant George Mardre is the husband of the defendant Helen Roberson Mardre, and the defendant Myrtle Roberson is the wife of the defendant Vance L. Roberson.

"That plaintiff brought his action *in forma pauperis* on or about 26 January, 1937, and was granted a voluntary nonsuit during the November Term of court, 1937.

"Wherefore, plaintiff prays that the deed herein referred to be reformed and declared a mortgage; that an accounting be had of the rents and profits from said farm and the debts due defendants, and for such other and further relief as plaintiff may be entitled to herein."

The judgment of the Superior Court in the former action is as follows: "This cause coming on to be heard, now upon motion of the plain-

tiff it is ordered, adjudged and decreed that the plaintiff be and he is hereby *granted a voluntary nonsuit.* Walter J. Bone, Judge Presiding."

The material allegations of the complaint were denied by the defendants. For further answer these defendants aver that plaintiff's cause of action, if he ever had one, which is denied, arose more than three years prior to the institution of this original action on 26 January, 1937, and more than three years prior to the institution of this renewal action on 11 January, 1938, and is barred by the lapse of time and the defendants hereby plead the three-year statute of limitations. For further answer, these defendants aver that plaintiff's cause of action, if any he ever had, which is denied, is an oral contract for the sale of land, and not being in writing is in violation of the provisions of Consolidated Statutes, 988, and is therefore void, and is barred by the statutes of frauds, and same is hereby pleaded in bar thereof." .

The present action was brought 6 January, 1938. The court below rendered the following judgment: "This cause coming on to be heard at the above term of court before his Honor, Clawson Williams, Judge presiding, and a jury; and the plaintiff having offered his evidence in support of his contentions as set out in his complaint and rested his case. The defendant thereupon made motion for judgment of nonsuit. After argument of counsel on each side, the motion was granted and this action dismissed. Clawson L. Williams, Judge Presiding."

To the above judgment plaintiff excepted, assigned error and appealed to the Supreme Court.

*Coburn & Coburn for plaintiff.*
*J. C. Smith, Hugh Horton, and Grimes & Grimes for defendants.*

CLARKSON, J. At the close of plaintiff's evidence the defendants in the court below made a motion for judgment as in case of nonsuit. N. C. Code, 1935 (Michie), sec. 567. The court below granted the motion of defendants and in this we think there was error.

The evidence which makes for plaintiff's claim, or tends to support his cause of action, is to be taken in its most favorable light for the plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom.

The plaintiff in the court below, in the former action, was granted "a voluntary nonsuit."

N. C. Code, *supra,* sec. 415, is as follows: "If an action is commenced within the time prescribed therefor, and the plaintiff is nonsuited, or a judgment therein reversed on appeal, or is arrested, the plaintiff, or, if he dies and the cause of action survives, his heir or representative may commence a new action within one year after such nonsuit, reversal, or

arrest of judgment, if the costs in the original action have been paid by the plaintiff before the commencement of the new suit, unless the original suit was brought *in forma pauperis*."

In *Chappell v. Ebert,* 198 N. C., 575 (576), is the following: "It is not enough, to sustain a plea of *res judicata,* that the former suit between the same parties, concerning the same subject matter, should have been nonsuited on its merits, but, in addition, the evidence in the two cases must be the same or substantially the same. *Hampton v. Spinning Co., ante,* 235." *Ingle v. Cassady,* 211 N. C., 287.

In *Slade v. Sherrod,* 175 N. C., 346 (348), we find: "However that may be, the plaintiff is not estopped by his pleadings in the first action, for there was no judgment, but merely a voluntary nonsuit." N. C. Practice & Procedure in Civil Cases (McIntosh), p. 700, sec. 627. On the present record the plaintiff had a right to institute the present action.

In *Caldwell v. Ins. Co.,* 140 N. C., 100 (101), the facts were: "The testimony on the part of plaintiff tends to show that she is an illiterate colored woman, having ten (10) children." At pp. 104-5, the Court said: "She narrates her trials in her own simple and natural way, showing that she was bewildered in the intricate mazes and confusing obscurities of life insurance policies. In this respect she is not singular. In the only way open to her she was constantly protesting that something was wrong about her insurance. She does not appear to have received much light from the source to which she went and was entitled to go. . . . She proved an excellent character; her testimony both in manner and matter was well calculated to carry conviction to the minds of the jurors. The plaintiff is evidently one of the few remnants of a type of her race illustrating its highest virtues. In the simple duties of life incident to her station, she exhibits a store of saving common sense, when sought out and invited by an insurance agent to visit his office and discuss the most intricate, promising and sometimes disappointing mode of investing surplus earnings, she tells the agent that she knows nothing of it, and will know nothing when he has illuminated the subject, it is not strange that she gets into trouble. She could not read the policies and it is no serious reflection upon her intelligence to surmise that if she could have done so, she would have been very much wiser. . . . When, however, the appeal is made to that fear which so constantly throws its dark shadows over human life, poverty in old age—and the assurance is given, as found by the jury, that at the end of ten years she could draw out her claim, she consents to 'be written up.' " *Dunbar v. Tobacco Growers,* 190 N. C., 608 (610); *Hinton v. West,* 207 N. C., 708.

In *Waddell v. Aycock,* 195 N. C., 268 (269), it is written: "That while parol trusts are recognized, and under certain conditions are

upheld in our jurisprudence, in the absence of fraud, mistake, or undue influence, they cannot be engrafted in favor of the maker upon a warranty deed conveying to the grantee an absolute and unqualified title in fee. *Gaylord v. Gaylord,* 150 N. C., 222; *Tire Co. v. Lester,* 192 N. C., 642." We think the allegations and proof of fraud sufficient to be submitted to the jury. The plaintiff was an old, feeble and illiterate Negro of good character. N. C. Code, *supra* (Limitations), sec. 441, in part, is as follows: "Within three years—(9) For relief on the ground of fraud or mistake; the cause of action shall not be deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud or mistake."

We think the evidence sufficient to be submitted to the jury on the aspect of the statute of limitations. As the case goes back for trial, we will not emphasize the evidence on the different disputed views. It is sufficient to say that the matter should be submitted to a jury.

For the reasons given, the judgment of the court below is

Reversed.