MRS. JENNIE FERN POSTON, WIDOW, v. A. F. BOWEN AND WIFE, MARY E. BOWEN.

(Filed 19 November, 1947.)

**1. Reformation of Instruments §§ 3, 4—**

Where there is no evidence that grantors were unable to, or were prevented from, reading the deed absolute in form signed by them, it will be assumed they signed the instrument they intended to sign, and they are not entitled to have it reformed for mutual mistake of the parties or mistake of the draftsman.

**2. Reformation of Instruments § 2—Mere fact that an employer aids an employee in financial distress is no evidence of fraud or undue influence.**

Evidence that an employer, at the instance of an employee in financial distress, gave the employee a certain sum of money and took an absolute conveyance of the employee's property, that the employee remained thereon as tenant, paying rent to the employer, and that the employer promised the employee that he could get the property back upon payment of the amount plus expenditures by the employer, without evidence that the employee was unable to, or was prevented from, reading the instrument, *is held* insufficient to be submitted to the jury upon the contention that defeasance clause was omitted from the deed by mistake of the grantors induced by fraud or undue influence on the part of grantees.

**3. Trusts § 2a—**

A parol trust in favor of grantors may not be engrafted upon a deed absolute in form.

APPEAL by plaintiff from *Carr, J.,* at February Term, 1947, of JOHNSTON. Affirmed.

Civil action to have a deed declared in fact a mortgage and to compel the reconveyance of the property therein described.

In October 1940, Clem Poston and his wife, the plaintiff herein, owned a house and lot in Smithfield as tenants by entirety, subject to mortgage. Poston had been for many years an employee of defendant. Due to unusual medical expense and the cost of keeping his daughter in college, he became financially embarrassed. He appealed to the defendant, his employer, for assistance, seeking to borrow $500. Defendant told him he would let him have the money but would want security therefor and for the $100 already owing. Plaintiff theretofore had been seeking a purchaser for his property.

Finally, as a result of negotiations, he and his wife executed and delivered to defendant a deed in fee simple with full covenants of warranty, conveying said property to defendant. They, the grantors, remained in possession of the premises as tenants of defendant, paying $22.50 per month rent therefor which plaintiff contends was to cover taxes and repairs.

On .... April 1946, Poston died. Thereafter plaintiff offered to pay all amounts due under an alleged oral agreement and demanded a reconveyance of the premises. Defendant declined to reconvey. Thereupon, plaintiff instituted this action to have said deed declared a mortgage and to compel reconveyance. At the conclusion of the evidence for plaintiff the court, on motion of defendant, dismissed the action as in case of nonsuit and plaintiff appealed.

*Hooks & Mitchiner for plaintiff appellant.*
*Abell, Shepard & Wood and Paul D. Grady for defendant appellees.*

Barnhill, J. Plaintiff and her husband could read and write. Whether Poston did in fact read the instrument before signing is not made to appear. Plaintiff says that she did not. There is no fact or circumstance tending to show that either was prevented from so doing. It is presumed they knew the contents and, in the absence of proof to the contrary, it must be assumed they signed the instrument they intended to sign.

While plaintiff alleges that a defeasance clause was omitted therefrom "due to mistake or inadvertence on the part of plaintiff and her husband and to the mistake, inadvertence, fraud or undue advantage on the part of the defendants," the evidence most favorable to the plaintiff tends to show only that Bowen agreed that whenever Poston was able he could get his place back, that whenever he "was able to pay back the $600, plus the amount that Mr. Bowen had paid on it, that he could get his property back." Possession was surrendered contemporaneously with the delivery of the deed and the grantors became tenants, paying the rent agreed upon at the time.

We do not consider the mere fact an employer aids and assists a faithful employee who finds himself financially embarrassed is a circumstance tending to establish fraud or undue advantage. To so hold would deprive many worthy people of their principal source of help in the time of financial distress.

Hence there is no sufficient evidence that a defeasance clause was omitted from the deed by mutual mistake of the parties or of the draftsman or by mistake of the grantors, induced by the fraud of the defendant.

The plaintiff on this record in effect seeks to prove a contemporaneous oral agreement by defendant to reconvey to the grantors upon the repayment by them of certain stipulated sums. In short, she in fact seeks to engraft a parol trust in her favor upon her deed to the defendant. This she cannot do.

"All inconsistencies that may exist between the contract of sale and the deed are to be determined by the deed alone. The prior oral nego-

tiations cannot be set up for the purpose of contradicting the deed." 2 Devlin, Real Property, 3rd Ed., 1572-3.

The grantor in a deed absolute, in the absence of proof of mental incapacity, mistake of the parties, undue influence, or fraud, is bound by the terms of his deed. He may not convey a fee and then recover the premises or any interest therein upon parol evidence in contradiction of or in conflict with the terms of his deed. This is established law in this jurisdiction as evidenced by a long line of decisions among which are: *Gaylord v. Gaylord,* 150 N. C., 222, 63 S. E., 1028, and cited cases; *Walters v. Walters,* 172 N. C., 328, 90 S. E., 304; *Newton v. Clark,* 174 N. C., 393, 93 S. E., 951; *Williamson v. Rabon,* 177 N. C., 302, 98 S. E., 830; *Perry v. Surety Co.,* 190 N. C., 284, 129 S. E., 721; *Tire Co. v. Lester,* 192 N. C., 642, 135 S. E., 778; *Waddell v. Aycock,* 195 N. C., 268, 142 S. E., 10; *Briley v. Roberson,* 214 N. C., 295, 199 S. E., 73; *Davis v. Davis,* 223 N. C., 36, 25 S. E. (2d), 181.

Since we conclude that the plaintiff has failed to prove an enforceable agreement, it is unnecessary for us to discuss questions relating to the admissibility of evidence which appellant seeks to present.

The judgment below is

Affirmed.