360 P.2d 917

Concha Wilder **SHARPE**, Plaintiff-Appellee,

v.

Leonor Stephenson **SMITH**, Ernest Stephenson, Horace Stephenson, Louis Stephenson, Esther Stephenson Farkos and Adeline Stephenson Richardson, Defendants-Appellants.

No. 6779.

Supreme Court of New Mexico.

April 3, 1961.

A. N.

J. D. Weir, J. R. Crouch, Las Cruces, for appellants.

T. K. Campbell, Las Cruces, for appellee.

NOBLE, Justice.

In an action for declaratory judgment, the plaintiff asks the court's construction of a warranty deed as to whether plaintiff has title to an undivided one-fourth interest or a one-seventh interest to a house and lot in Las Cruces, and to declare the interests of the respective parties.

Anne Stephenson, who was 90 years of age, was the owner of the property which she occupied as her home with her sister who was 80 years of age. On May 3, 1955, Anne Stephenson executed a deed, which was recorded, conveying her home to Leonor Stephenson Smith, in trust for herself, the grantor's sister Mary Stephenson Beam and six others, including the appellee (plaintiff). The deed was on a printed statutory warranty deed form. Following the description of the real estate, there appears the following:

and Mary Stephenson Beam
"Retaining unto myself / a life estate, together with the rents, issues and profits from said real estate above described."

The deed, including the retention of the life estate, was typed except that the words "and Mary Stephenson Beam A. N." appear in ink, admittedly in the handwriting of the grantor. The grantor and her sister continued to live in the house until their respective deaths. Mary Stephenson Beam died testate May 5, 1956, leaving all her estate to appellee, who was one of the grantees. Anne Stephenson died February 22, 1959.

It is conceded that the purported trust conferred no powers or duties upon the trustee, was without a purpose, for an indefinite term and never became effective, and that the effect of the deed was to vest a present fee-simple estate in the named beneficiaries or grantees, subject to the life estate or estates and subject to determination of the estate created in Mary Stephenson Beam.

It is urged, however, that an examination of the whole instrument compels a construction that the grantor, by the habendum clause, retaining a life estate in herself and Mary Stephenson Beam, limited the estate granted Mary Stephenson Beam to

a life estate. Appellee, on the other hand, contends that the granting clause and the habendum are not inconsistent nor repugnant, but that the whole deed evidences an intention by the grantor to enlarge the estate granted to Mary Stephenson Beam by adding a life estate to the undivided fee estate. It is asserted that appellee tried the case in the lower court upon the theory that a life estate could not be created by a reservation in the habendum to one who theretofore had no title.

We find the weight of modern decisions holding that the intention of the grantor, as gathered from the four corners of the deed, is the pole star of construction, and that all parts of the deed must be examined together, for the purpose of ascertaining the intention. Henningsen v. Stromberg, 124 Mont. 185, 221 P.2d 438; Williams v. Swango, 365 Ill. 549, 7 N.E.2d 306; Leeper v. Leeper, 347 Mo. 442, 147 S.W.2d 660, 133 A.L.R. 586; Archer v. Culbertson, 28 Tenn.App. 52, 185 S.W.2d 912. See 7 Thompson on Real Property (Perm.Ed.) § 3527 (pocket part), and decisions cited therein. See, also, note 58 A.L.R.2d 1374, at page 1376.

However, under the modern rule that the intention is to be gathered from the whole deed, "a granting clause purporting to convey a particular estate by clear language will prevail over a conflicting habendum not equally clear." Note 58 A.L.R.2d at page 1386. Paddock v. Vasquez, 122 Cal.App.2d 396, 265 P.2d 121; Triplett v. Triplett, 332 Mo. 870, 60 S.W.2d 13; McKinsey v. Cullingsworth, 175 Va. 411, 9 S.E.2d 315.

We find no conflict between the rule of intention, as disclosed by the four corners of the instrument and our decisions in Armijo v. Town of Atrisco, 56 N.M. 2, 239 P.2d 535, and Martinez v. Mundy, 61 N.M. 87, 295 P.2d 209. There, the rule giving decisive weight to the granting clause as against the habendum where there is an irreconcilable conflict as to the estate granted was set forth, but to be applied merely as a rule of construction subordinate to the purpose of ascertaining the real intention of the parties.

While the habendum seeking to create a life estate in Mary Stephenson Beam, containing no words of grant, and she being a stranger to the title, did not have the effect of granting her a life estate, it may nevertheless be treated as an exception where it is necessary to do so to carry out the intention of the grantor. 6 Thompson on Real Property (Perm.Ed.) § 3483. However, we need not consider whether the reservation of the life estate in Mary Stephenson Beam operated as an exception to the fee in this case. She died prior to the grantor, who reserved in herself a life estate, and any exception in favor of Mary Stephenson Beam did not become operative.

The decisions relied upon by appellants in support of their contention that the habendum either created or showed an intention to limit the estate granted to Mary Stephenson Beam to a life estate are distinguishable. In those decisions the estate granted was expressly limited by the habendum and the intention of the grantor clearly expressed. Applying the rule and looking at the entire instrument, we find no language in the habendum which clearly evidences an intent by the grantor to limit the estate granted Mary Stephenson Beam to a life estate. Furthermore, the attempt to retain a life estate, by the grantor, for her sister does not create an irreconcilable conflict or repugnancy to the grant of an undivided fee-simple estate granted by the premises. An attempt to create a life estate for her sister is not inconsistent with a grant of an undivided estate in fee as might be the case if the premises had conveyed the entire fee.

As we understand appellee's position, she has not abandoned her position in the lower court that an attempt to create a life estate in a stranger to the title by a reservation in the habendum could not operate to grant the additional estate. Appellant adheres to that position here, but turning to the language of the whole instrument points to the fact that grantor may have intended that result as an explanation of the attempted reservation by the habendum. We do not construe that as abandoning the position taken in the lower court and shifting to a different theory on appeal. It is conceded that if Mary Stephenson Beam took an undivided one-eighth estate by the deed, she devised that estate to appellee.

■ We hold that the language of the habendum is not repugnant to the grant of an undivided fee-simple estate by the premises, and that Mary Stephenson Beam was granted an undivided one-eighth fee-simple estate which she devised to appellee.

Appellants assert, however, that appellee is estopped from claiming the one-eighth undivided interest devised to her by Mary Stephenson Beam because of her delay in probating the will. The deed which is the subject of this controversy is dated May 2, 1955 and was recorded May 3, 1955. Mary Stephenson Beam died testate May 5, 1956, leaving all her estate to appellee. Her will was filed in the office of the county clerk December 2, 1958, but was not offered for probate until March 12, 1959. Anne Stephenson, grantor and life tenant, died February 22, 1959. This action was commenced June 12, 1959.

Appellants have pleaded laches and contend that they were injured by the delay in probating the will because the death of Anne Stephenson intervened and they are thus denied the benefit of her testimony as

to whether she intended to convey to Mary Stephenson Beam an undivided interest in the fee, or only a life estate.

The defense of laches is predicated upon the doctrine of estoppel. We said in Chambers v. Bessent, 17 N.M. 487, 134 P. 237, that the facts upon which the estoppel is to be predicated must amount to a waiver or non-claim. There has not been pointed out to us conduct by appellee amounting to a waiver or non-claim. It was further held in that case that mere silence by the party sought to be estopped is not sufficient to invoke the doctrine where such party is asserting a title which was of record at the time. We there said that to invoke the doctrine under such circumstances would open the door to fraud.

In addition, lapse of time alone does not necessarily imply an unreasonable delay in bringing suit, but it must also appear that the delay has worked to the injury of another. Morris v. Ross, 58 N.M. 379, 271 P.2d 823; American Surety Co. of New York v. Multnomah County, 171 Or. 287, 138 P.2d 597, 148 A.L.R. 926; Turner v. Hunt, 131 Tex. 492, 116 S.W.2d 688, 117 A.L.R. 1066; Williams' Adm'r v. Union Bank & Trust Co., 283 Ky. 644, 143 S.W.2d 297, 131 A.L.R. 1364.

The question here is one of construction of the deed, not of the will. The injury claimed is the inability of appellants to secure the direct testimony of the grantor of her intention as to the operation of the deed on the legal title to the real estate. It is well settled that the intention of the grantor must be derived from the language of the instrument itself, which cannot be impeached except on the equitable grounds of accident, mistake, fraud, and the like, none of which appear in this case. Board of Directors of Fort Scott Public Library v. City of Ft. Scott, 134 Kan. 586, 7 P.2d 533; Miller v. Miller, 91 Kan. 1, 136 P. 953, L.R.A. 1915A, 671.

Applying the rule that a deed is to be construed, if possible, to effect the intention of the grantor does not mean a secret and unexpressed intention. We said in Westover v. Harris, 47 N.M. 112, 137 P.2d 771, 775:

"It is the intent which is expressed in the deed and not a secret intention of the party or parties existing at the time of execution which is controlling."

In construing a deed, as in the case of a will, it is not what the parties may have intended by the language used but the nature and quantity of the interest conveyed must be determined by the meaning of the words used in the instrument itself and cannot be orally shown. Teacher v. Kijurina, 365 Pa. 480, 76 A.2d 197. See also Pinsky v. Sloat, 130 Cal.App.2d 579,

279 P.2d 584; Poston v. Bowen, 228 N.C. 202, 44 S.E.2d 881.

 The language of the premises, standing alone, clearly conveyed to Mary Stephenson Beam an undivided interest in the fee. It is not ambiguous. Likewise the language of the habendum, "Retaining unto * * * Mary Stephenson Beam a life estate * * *" is clear and unambiguous. Testimony of the grantor, if offered, would have been inadmissible to vary or limit the express provisions. The grantor might have employed language to enlarge the estate granted by the premises, by adding a life estate to it or might by appropriate language have limited the estate otherwise created by the granting clause. Even though by operation of law a life estate could not be created by the language employed, we find no language in the habendum showing a clear intention by the grantor to limit the estate created by the premises.

 We conclude that appellants failed to establish grounds for application of the doctrine of laches. Finding no error, the judgment will be affirmed.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and MOISE, JJ., not participating.